IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ILLINOIS DEPARTMENT OF TRANSPORTATION,**<br><br>    Plaintiff,<br><br>v.<br><br>**JANETTE I. KIRBY and MARATHON TRANSPORT, INC.,**<br><br>    Defendants. | Case No. 3:24-CV-01327-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Illinois Department of Transportation ("IDOT") filed a two-count complaint against Defendants Janette Kirby and Marathon Transport, Inc. ("Marathon") in St. Clair County, Illinois, for damaged property after a traffic accident on an Illinois road. (Doc. 1-1). Specifically, IDOT alleges Kirby struck a concrete bridge support, impact attenuator, and guardrail along an Illinois portion of an interstate highway. (*Id.*). As such, IDOT seeks to hold Kirby and her employer, Marathon, liable for the damage. (*Id.*).

Marathon petitioned to remove the action to this Court invoking diversity subject matter jurisdiction. (Doc. 1). Now IDOT seeks to remand the case arguing that Kirby never consented to the removal, which is required as she was served in the state court action. (Doc. 10). Marathon filed its Notice of Removal on May 17, 2024 (Doc. 1), but Kirby filed a "Consent to Removal" on June 18, 2024. (Doc. 19). Kirby's "Consent to Removal" appears to be Defendants' only response to the motion to remand.

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Procedure for removal of civil actions is outlined in 28 U.S.C. § 1446. Section 1446(b)(1) provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1).

In cases involving multiple defendants properly joined and served, all defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Each defendant has 30 days to file a notice of removal after receipt by or service on that defendant of the initial pleading or summons. 28 U.S.C. § 1446(b)(2)(B). Sometimes defendants are served at different times, and a later-served defendant may attempt to remove the action. In that circumstance, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

Failing to show consent to removal is a procedural defect, which the removing party must cure within the 30-day removal period. *See Yount v. Shashek*, 472 F. Supp. 2d 1055, 1062 (S.D. Ill. 2006); *see also N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982). A legally defective removal petition subjects the case to remand on the basis

of improvident removal. *N. Ill. Gas Co.*, 676 F.2d at 273. "While the time limitation imposed by [Section] 1446(b) is not jurisdictional, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *Id.* (internal citations omitted). Thus, if the removing party fails to comply with the procedural requirements of removal within the 30-day period and the opposing party raises a timely objection to the defect, the Court should remand the case to state court. *See* 28 U.S.C. § 1447(c); *Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 703 (S.D. Ill. 2007). The removal statute should be interpreted narrowly, and courts should "presume that the plaintiff may choose his or her forum." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

## DISCUSSION

Here, IDOT does not challenge removal on the basis of subject matter jurisdiction, instead, it objects to a procedural defect in removal for lack of consent by all defendants as mandated by 28 U.S.C. § 1446(b)(2)(A).

Kirby was served with the original state court complaint on March 27, 2024. (Doc. 10, p. 5). Marathon was served on April 30, 2024. (*Id.* at ¶ 5). Thus, Marathon's 30-day window for proper removal expired on May 30, 2024. Marathon promptly filed its Notice of Removal on May 17, 2024 (Doc. 1), well within the permitted window. The Notice did not reference Kirby's consent to the removal or mention that the same attorneys represented both defendants. Over a month later, and after IDOT filed its motion to remand, Kirby filed a separate document called "Consent to Removal" indicating Kirby's written consent to removal.

Now, if Kirby chose to remove the action, her opportunity to do so would have expired on April 26, 2024. But as outlined above, an earlier-served defendant may consent to removal even though that defendant did not previously initiate removal. Marathon had until May 30, 2024 to properly remove the action, which necessarily involved a showing of consent from all served defendants. Kirby filed her consent to removal on June 18, 2024—19 days after Marathon's removal period expired.

Marathon clearly failed to comply with the unanimity rule in Section 1446 by providing written consent of removal by all served defendants within the 30-day window. In Kirby's consent to removal (Doc. 19), Marathon and Kirby ask the Court to forgive this procedural defect primarily because counsel was unaware that IDOT effected service on Kirby. Marathon and Kirby assert that no return of service was filed in the state court action to alert counsel.

The removing party must establish compliance with the procedural requirements for removal. *Potter*, 483 F. Supp. 2d at 703. These procedural requirements are not jurisdictional, but they are mandatory and strictly applied. *Id.* Where there is a procedural defect in removal and the plaintiff raises an objection to that defect within 30 days of the date of removal, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c); *see also Disher v. Citigroup Global Markets, Inc.*, 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007). Clearly, a failure to obtain consent to removal by all properly served defendants is a procedural defect. That failure may only be cured by filing the written consent *within* the 30-day timeframe. *See Denton v. Universal Am-Can, Ltd.*, No. 12 C 3150, 2012 WL 3779315, at *3 (N.D. Ill. Aug. 30, 2012).

Here, IDOT has made a timely objection to the defect in Marathon's Notice of Removal. The Court is sympathetic to the miscommunication that occurred as to Kirby's receipt of service. But IDOT offers competent proof that Kirby was, in fact, properly served before Marathon petitioned for removal. Moreover, Kirby does not contest or deny that she was properly served in March 2024. As a properly served defendant, Kirby's consent was necessary for removal of this action. Because Kirby provided consent after Marathon's removal period ended, Marathon failed to comply with the procedural requirements of removal. Accordingly, this action must be remanded to state court.

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion to Remand (Doc. 10) filed by Plaintiff Illinois Department of Transportation and **REMANDS** this action to the Twentieth Judicial Circuit Court in St. Clair County, Illinois, due to the procedurally defective notice of removal.

**IT IS SO ORDERED.**

DATED:  October 4, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**